*Thomas & Walker, Benton Odom,* for plaintiff in error, cited:
16 *Ga. App.* 216; 22 *Ga. App.* 274; 26 *Ga. App.* 421; Id. 426 (3).

*James R. Thomas, solicitor, W. B. Gibbs,* contra.

---

## 13827. AMERSON *v.* THE STATE.

BROYLES, C. J. The verdict was amply authorized by the evidence, and the special grounds of the motion for a new trial are without merit.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1922.

Conviction of manslaughter; from Bibb superior court — Judge Mathews. June 29, 1922.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

---

## 13837. EVANS *v.* THE STATE.

An accusation based upon section 311 of the Penal Code of 1910, which does not show the nature of the "process or order" which the officer is "serving or attempting to serve or execute," and that it was issued by some court in this State with proper authority to issue it, is fatally defective.

DECIDED NOVEMBER 14, 1922.

Accusation of obstructing legal process; from city court of Sandersville — Judge Goodwin. July 1, 1922.

*Evans & Evans,* for plaintiff in error.

*J. Hines Wood, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error was convicted under an accusation which charged him with a misdemeanor, "for that the said Paul Evans, on the 12th day of April, . . in the county aforesaid, did then and there unlawfully and with force and arms knowingly and wilfully resist an officer of this State, to wit R. J. Page, legal constable of said State and county, in and for the 1253d G. M. district, in serving and attempting to serve a warrant, a lawful process, and did assault and beat the said R. J. Page, the said legal constable as aforesaid, in serving the said warrant and lawful process." A motion in arrest of judgment was filed, among the grounds of which were the following: "2. Because the accusa-